UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| Codger's Castaway Development, LLC, | ) | CASE NO: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| Old Republic National Title Insurance | ) | |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Codger's Castaway Development, LLC, by and through its undersigned attorneys of record, and for its Complaint against Defendant Old Republic National Title Insurance Company, states and alleges as follows:

## NATURE OF THE ACTION

1.      This action seeks compensatory and punitive damages against Defendant Old Republic National Title Insurance Company for breach of contract, bad faith, unfair and deceptive trade practices, and vexatious refusal to pay amounts due and owing under an insurance policy.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Codger's Castaway Development, LLC is organized in South Dakota and maintains its principal place of business in the State of South Dakota.

3.      Defendant Old Republic National Title Insurance Company is a company organized in a state other than South Dakota that maintains its principal place of business outside the State of South Dakota.

4.      This Court has jurisdiction under 28 U.S.C. § 1332, based on a complete diversity of citizenship.

5.      Damages at issue exceed $75,000.00.

6.      Venue is proper in the District Court of South Dakota, Central Division, pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

7.      Codger's Castaway Development LLC ("Codger's Castaway", "Plaintiff", or "Insured") purchased a title insurance policy ("the Policy") from Old Republic National Title Insurance Company ("Old Republic") that was in effect prior to and including May 17, 2023. *See* Exhibit 1, Owner's Policy of Title Insurance.

8.      The Policy insured against loss or damage sustained or incurred by Codger's Castaway by reason of any defect in or lien or encumbrance on the title.

9.      The amount of insurance purchased pursuant to the Policy is $1,164,160.00. *See* Exhibit 1, Schedule A.

10.     Following procurement of the Policy, Codger's Castaway purchased approximately 170 acres of property (the Property) in Sully County, South Dakota with plans to turn the Property into a phased-in residential development.

11.     After its purchase of the Property, Codger's Castaway focused on the development's "Phase 1", which was to develop for resale approximately 17 highly desirable residential lots of the Property.

12.     Codger's Castaway incurred professional expenses, as well as engaged in construction work to develop the Phase 1 lots for sale.

13.    During its Phase 1, Codger's Castaway pursued a Planned Unit Development and Use Plan ("PUD"), as well as a corresponding plat, for the Phase 1 lots, through though governing entity, Sully County.

14.    Codger's Castaway also negotiated and signed letters of intent with willing buyers for several lots within Phase 1.

15.    In a March 22, 2023, meeting of the Sully County Planning and Zoning Commission, the Commission determined that the Phase 1 PUD "adequately addressed the lot size and purpose, dwelling types and purposes, resubdivision of lots, utilities, and maintenance of roadways." *See* Exhibit 2.

16.    The Commission also found that the Phase 1 PUD "was consistent with the intent and purpose of the [County's] Zoning Ordinance to promote public health, safety morals, and general welfare, the value of buildings and the character of the property adjoining the area included in the plan would not be adversely affected, the average lot area per family contained in the site, exclusive of the area occupied by streets, would not be less than the lot area per family required for the district in which the development is located, and that the buildings would be used for residential purposes and customary accessory uses." *See* Exhibit 2.

17.    Ultimately, the Commission unanimously passed a motion to approve the Phase 1 PUD "with the condition that there is a finding that no US Army Corps of Engineers easements are found to be currently active on the proposed development site." *See* Exhibit 2.

18.    During the same Commission meeting, the Commission unanimously passed a motion to approve the plat of the Phase 1 lots contingent on the approval of the Phase 1 PUD. *See* Exhibit 2.

3

19.     Subsequent to the Commission meeting, Codger's Castaway was informed by the United States Army Corps of Engineers that Phase 1 lots were subject to a 1961 flowage easement ("the Easement") that prevents construction or maintenance of any structure for human habitation.

20.     Pursuant to the Policy, Codger's Castaway submitted a timely claim ("the Claim") to Old Republic.

21.     On May 17, 2023, Old Republic acknowledged the claim and accepted coverage of the loss Codger's Castaway incurred as a result of the Easement.

22.     Regarding Old Republic's liability to Codger's Castaway, the Policy states:

> This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by [Codger's Castaway] who has suffered loss or damage by reason of matters insured against by this policy.
> (a) The extent of liability of [Old Republic] for loss or damage under this policy shall not exceed the lesser of
>     (i)    the Amount of Insurance; or
>     (ii)    the difference between the value of the Title as insured and the value of the Title subject to the risk insured against by this [P]olicy.

*See* Exhibit 1, Conditions, 8. Determination and Extent of Liability.

23.     Old Republic elected its option to pay the diminution in value; that is, the value of the property without the Easement less the value of the property with the Easement. *See* <u>Exhibit 3.</u>

24.     The Policy states, "*In the event [Old Republic] is unable to determine the amount of loss or damage*, [Old Republic] may, at its option, require as a condition of payment that [Codger's Castaway] furnish a signed proof of loss." *See* <u>Exhibit 1, Conditions, 4. Proof of Loss</u> (emphasis added).

25.     Consistent with its Policy, in its May 17, 2023 correspondence, Old Republic informed Codger's Castaway that it was Codger's Castaway's "burden to submit a Proof of Loss based on the diminution in value resulting from the existence of the 1961 Flowage Easement." *See* Exhibit 3.

26.     Old Republic also informed Codger's Castaway that "[t]ypically, it is necessary to obtain an appraisal to get a proper evaluation of the diminution-in-value." *See* Exhibit 3.

27.     Codger's Castaway subsequently obtained an appraisal ("the Simpson Appraisal") at its own expense, as Old Republic declined to pay such expense.

28.     The Simpson Appraisal report dated March 18, 2024, concluded that the diminution of the Phase 1 value due to the undisclosed flowage easement was $1,062,200.00.

29.     In April 2024, Codger's Castaway submitted to Old Republic a Proof of Loss identifying the amount of loss for Phase 1 of the Property as $1,062,200, as well as a copy of the Simpson Appraisal.

30.     Upon receipt of the Proof of Loss and Simpson Appraisal, Old Republic rejected the Proof of Loss and denied the appraisal's sufficiency.

31.     Old Republic's decision to deny the sufficiency of the Simpson Appraisal constituted either ignorance or reckless disregard of available evidence.

32.     On May 20, 2024, Old Republic determined the loss incurred by Codger's Castaway was $99,508.50.

33.     The amount of $99,508.50 was not a reasonable amount to cover the loss or damage sustained or incurred by the Insured as a result of the Easement.

34.     Old Republic lacked a reasonable basis to believe $99,508.50 was sufficient to reimburse Codger's Castaway for the deprivation of all economically viable uses for Phase 1 of the Property, as well as the loss or damage to the remainder of the Property.

35.     The Insured requested a detailed accounting and description of the methodology Old Republic used when determining that $99,508.50 was the amount of loss or damage owed to the Insured under the Policy.

36.     Old Republic provided information related to its mathematical calculations that it performed in support of its determination that $99,508.50 was the amount of loss or damage owed to the Insured under the Policy but did not provide any supporting documentation for its methodology despite being expressly requested to do so.

37.     The calculations provided by Old Republic constitute a failure to promptly provide a reasonable explanation to the Insured for the offer of a compromise settlement.

38.     Codger's Castaway rejected Old Republic's determination that $99,508.50 adequately compensated the amount of loss or damage owed to the Insured under the Policy.

39.     On September 23, 2024, Old Republic then increased its valuation to $116,424. Old Republic again failed to provide an adequate detailed accounting and description of the methodology used to arrive at this number despite being requested to do so.

40.     Old Republic lacked a reasonable basis to believe $116,424 was sufficient to reimburse Codger's Castaway for the depravation of all economically viable uses for Phase 1 of the Property, as well as the loss or damage to the remainder of the Property.

41.     Codger's Castaway rejected Old Republic's offer of $116,424.

42.     In March 2025, Old Republic retained its own appraiser to investigate the Claim by conducting a diminution-in-value appraisal.

43. Old Republic's appraisal ("the Shaykett Appraisal") was completed on June 16, 2025.

44. The Shaykett Appraisal determined the diminution in value was $340,000, after applying a random 65% reduction from the initial valuation with no basis for doing so.

45. Consistent with the Shaykett Appraisal, Old Republic tendered payment to the Insured in the amount of $340,000 in July 2025.

46. Codger's Castaway rejected Old Republic's determination that $340,000 was the amount of loss or damage owed to the Insured under the Policy.

47. However, Codger's Castaway accepted Old Republic's check for $340,000 as a partial payment of the amount owed, while making clear to Old Republic that its acceptance did not constitute a release of claims or a full and final settlement of the Claim.

48. Codger's Castaway obtained a second appraisal (Simpson II Appraisal) to conduct a diminution-in-value appraisal for the Property, with such appraisal completed on November 13, 2025.

49. The Simpson II Appraisal was obtained to address Old Republic's concern that the prior Simpson Appraisal should have analyzed the entire Property, rather than Phase I of the Property.

50. The Simpson II Appraisal determined that the diminution in value of the Property was $1,407,733.

51. Consistent with the Simpson II Appraisal, on December 3, 2025, Codger's Castaway submitted an Amended Proof of Loss.

52. Old Republic has failed to take any action on the Amended Proof of Loss within thirty days.

53.     Old Republic knew or should have known that $340,000 was an insufficient and inadequate amount and that the Shaykett Appraisal lacks a reasonable basis for the 65% reduction.

54.     Furthermore, the Shaykett Appraisal's findings confirm that Old Republic's previous compromise settlement offers were patently insufficient and lacked a reasonable basis.

55.     Old Republic is required to investigate claims properly and reasonably.  Its investigation is also required to be subject to reasonable review and evaluation.

56.     Part of the premium paid by Codger's Castaway is intended to cover the expenses that Old Republic incurs investigating claims.

57.     A reasonable investigation requires the insurer look for both reasons to pay and avoid paying on a claim.

58.     Old Republic has a duty to assist Codger's Castaway in identifying all facts related to its claim, including retaining an appraiser.

59.     Old Republic is responsible for the acts of its agents in investigating and evaluating the Claim.

60.     Old Republic cannot delegate, eliminate, ignore, or lessen its duties of good faith and fair dealing.

61.     Old Republic's refusal to properly investigate and its employment of dilatory tactics have directly and proximately caused Codger's Castaway additional damages and decreased the Property's value.

62.     Old Republic has continued to refuse to fully compensate Codger's Castaway for the total amount owed under the Policy. Such a refusal shows a reckless indifference to the facts and proofs offered by Codger's Castaway.

63.    Old Republic knew or recklessly disregarded the fact that the payment offered was not sufficient to compensate Codger's Castaway for the amount owed to Codger's Castaway pursuant to the Policy.

64.    Old Republic's initial investigation and payment offered was not based on available evidence. Instead, it was self-interested and directly opposed its duties owed to Codger's Castaway.

65.    Old Republic has a practice of artificially limiting payments to insureds by, among other things, failing to reasonably investigate claims and offering intentionally or recklessly insufficient compromise settlements.

66.    Old Republic intentionally and recklessly refused to review evidence provided to it, thereby violating its duty to reasonably investigate a claim.

67.    The claims handling practices employed by Old Republic, as described herein, are intentionally designed to deny paying Codger's Castaway, and other claimants, the full amount owed.

68.    The claims handling practices employed by Old Republic, as described herein, are deliberately intended to avoid reasonable investigation of valid claims and otherwise to delay and deny valid claims.

69.    Old Republic has a duty to consider its own and the insured's interests equally, and it has intentionally and recklessly breached that duty.

70.    As a direct and proximate result of Old Republic's claim handling practices, Codger's Castaway has suffered compensable damages, including but not limited to the following:

9

a. Codger's Castaway has been deprived of the benefits of the contract, including but not limited to payment in full for the diminution in value of the Property and costs incurred investigating the claim.

b. Codger's Castaway has experienced increased expense, annoyance, aggravation, and inconvenience due to the wrongful delay and denial of the claim and time incurred attempting to compel Old Republic to honor the duties it owes under the contract and the law.

## COUNT I: BREACH OF CONTRACT

71.     Plaintiff re-alleges and incorporates by reference each preceding paragraph, as if fully set forth herein.

72.     The contract of insurance between Codger's Castaway and Old Republic was valid, enforceable, and timely paid for by Codger's Castaway.

73.     Old Republic breached the contract of insurance by failing to pay the full amount of benefits owed under the Policy in a timely manner.

## COUNT II: BAD FAITH

74.     Codger's Castaway re-alleges and incorporates by reference each preceding paragraph, as if fully set forth herein.

75.     Old Republic intentionally and recklessly employs a claims handling process deliberately aimed at unjustly maximizing its profits at the expense of its insureds.

76.     Old Republic intentionally and recklessly employs a claims handling process intended to delay full payment of benefits owed under the terms of its insurance policy.

77.     Old Republic intentionally employs a claims handling process that is recklessly indifferent to facts and proofs submitted by its insureds.

10

78.    Old Republic intentionally and recklessly employs a claim handling process that is not subject to reasonable evaluation and review.

79.    Old Republic's conduct constitutes actionable bad faith and has caused Codger's Castaway damage in an amount to be proven at trial.

## COUNT III: PUNITIVE DAMAGES

80.    Plaintiff re-alleges and incorporates by reference each preceding paragraph, as if fully set forth herein.

81.    Old Republic's actions, including its claims handling process, were undertaken with fraud, oppression, and malice.

82.    Punitive damages in an amount to be determined at trial are necessary and appropriate to punish and deter such conduct.

## COUNT IV: UNFAIR AND DECEPTIVE PRACTICES

83.    Plaintiff re-alleges and incorporates by reference each preceding paragraph, as if fully set forth herein.

84.    Old Republic engaged in unfair and deceptive practices in the business of insurance, as described above, in violation of SDCL § 58-33-67.

85.    Codger's Castaway has been damaged by the unfair and deceptive practices employed by Old Republic. As such, Codger's Castaway is entitled to recover all actual and consequential damages caused thereby, including reasonable attorneys' fees, in an amount to be proven at trial.

## COUNT V: VEXATIOUS REFUSAL TO PAY

86.    Codger's Castaway re-alleges and incorporates by reference each preceding paragraph, as if fully set forth herein.

87.     Old Republic unreasonably and vexatiously refused to pay amounts due and owing under the Policy, and Codger's Castaway is entitled to recover reasonable attorneys' fees pursuant to SDCL § 58-12-3.

WHEREFORE, Plaintiff respectfully requests the following:

1.  Entry of money judgment in its favor, awarding compensatory and punitive damages to Plaintiff, with applicable prejudgment interest;

2.  An award of reasonable of attorneys' fees and costs permitted by law, including under SDCL §§ 58-12-3 and 58-33-46.1; and

3.  Any other and further relief as the Court deems just and proper under the circumstances.

**A TRIAL BY JURY IS REQUESTED FOR ALL CLAIMS SO TRIABLE**

Dated this 9th day of January, 2026.

GUNDERSON, PALMER, NELSON
& ASHMORE, LLP

By:   */s/ Stacy R. Hegge*
Stacy R. Hegge
Katelyn Cook
Attorneys for Plaintiff
306 East Capitol Ave., Ste 300
Pierre, SD  57501
Telephone: (605) 494-0105
Telefax:  (605) 342-9503
E-mail:  shegge@gpna.com
              kcook@gpna.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Codger's Castaway Development, LLC

**DEFENDANTS**

Old Republic National Title Company

**(b)** County of Residence of First Listed Plaintiff  Sully County , SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Hillsborough County FL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Gunderson, Palmer, Nelson, and Ashmore LLP,306 E Capitol Ave #300, Pierre SD 57501, 605-494-0105

Attorneys *(If Known)*

Lynn, Jackson, Shultz & Lebrun PC, 110 N Minnesota Ave, #400, Sioux Falls, SD 57104, 605-332-5999

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government  Plaintiff | ☐ 3  Federal Question  *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government  Defendant | ☒ 4  Diversity  *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                               *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place  of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place  of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a  Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane       ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability       ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical | | **INTELLECTUAL** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander       Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability       ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine       Injury Product | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product       Liability | | New Drug Application | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability     **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | Act | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury         ☐ 385 Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -       Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | Medical Malpractice | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting       ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/       Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| | Employment   **Other:** | ☐ 462 Naturalization Application | 26 USC 7609 | Agency Decision |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other         ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original  Proceeding | ☐ 2 Removed from  State Court | ☐ 3 Remanded from  Appellate Court | ☐ 4 Reinstated or  Reopened | ☐ 5 Transferred from  Another District  *(specify)* | ☐ 6 Multidistrict  Litigation -  Transfer | ☐ 8 Multidistrict  Litigation -  Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Breach of Contract, Bad Faith, Punitive Damages, and Unfair and Deceptive Practices

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE  1-9-26

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____